IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD J. BACON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-646-D (BK) |
| | § | |
| NCO FINANCIAL SYSTEMS, INC and | § | |
| HORACE MANN COMPANIES, | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. The Court now considers Defendant's *Motion to Dismiss* (Doc. 7). For the reasons that follow, it is recommended that the motion be **GRANTED.**

## I. BACKGROUND

On January 20, 2012, Plaintiff, proceeding *pro se*, filed suit against Defendants in Dallas County Small Claims Court alleging, *inter alia,* fraud and violations of the "FDCPA." (Doc. 1). Based on its common usage, the Court liberally construes "FDCPA" to mean the Fair Debt Collections Practices Act.[1] On March 2, 2012, Defendant NCO removed the case to this Court pursuant to 28 U.S.C. § 1331. Subsequently, Defendant NCO filed its *Motion to Dismiss* under FED. R. CIV. P. 12(b)(6), arguing that Plaintiff's petition does not satisfy federal civil procedure rules 8(a), 9(b), and 10. (Doc. 7-1 at 3-6). Defendant Horace Mann joined NCO's motion to dismiss. (Doc. 11). In response to Defendant's *Motion to Dismiss*, Plaintiff does not argue that he met the federal pleading requirements, only that removal was improper. (Doc. 12 at 3-4).

---

[1] *Erickson v Pardus*, 551 U.S. 89, 94 (2007) (holding that *pro se* litigants pleadings are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers).

## II. APPLICABLE LAW and ANALYSIS

Motions to dismiss under Rule 12 (b)(6) of the Federal Rules of Civil Procedure are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). However, a complaint must be dismissed pursuant to Rule 12(b)(6) if it fails to state a claim upon which relief may be granted. Under the Rule 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Dismissal is required when a complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Rule 8 of the Federal Rules of Civil Procured requires a plaintiff to present "a short plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A pleading that states a claim for relief must contain:

(1)   a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2)   a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3)   a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). Moreover, Rule 9 of the Federal Rules of Civil Procedure requires that in alleging fraud, a party must state with "particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003). Rule 10 dictates the form of the pleading, specifying that, *inter alia*, a "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

The petition in this case is woefully insufficient, only stating: "Fraud, violations of Texas Insurance Code, falsification of premium, refusal to refund premium, failure to verify debt, FCRA, FDCPA, fraudulent collection of invalid debt. Acct number 42 75799460." (Doc. 1). It is also wholly devoid of any factual allegations. Plaintiff suggests the petition is sufficient under state court pleading requirements. However, even though this case originated in state court, the pleadings must conform to federal pleading requirements. *Genella v. Renaissance Media*, 115 Fed. Appx. 650, 652-53 (5th Cir. 2004) (citation omitted). It is apparent that Plaintiff's petition does not meet the requirements of rules 8(a), 9(b) or 10.

## RECOMMENDATION

Plaintiff's petition fails to state a claim upon which relief can be granted and should be dismissed. However, as a general rule, a court should not dismiss a *pro se* complaint without affording the plaintiff the opportunity to amend. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir.1998). **Accordingly, Plaintiff is granted until 14 days of the date of this recommendation to submit an amended complaint in compliance with Rules 8(a), 9(b), and 10 of the Federal Rules of Civil Procedure**. **Should Plaintiff fail to do so, it is recommended that this case be dismissed with prejudice.**

To the extent Plaintiff's response to the motion to dismiss can be construed as a motion for remand, it should be denied. In response to Defendant's *Motion to Dismiss*, Plaintiff argues that removal was improper and seeks sanctions. (Doc. 12 at 3-4). However, based on Plaintiff's pleadings, removal was proper under 28 U.S.C. §§ 1331, 1441, and 1446, based on the Court's federal question jurisdiction. Plaintiff asserts a claim under a federal statute, namely, the FDCPA. (Doc. 12 at 1). Moreover, Defendant NCO filed its *Notice of Removal* within thirty

days of the date it was served with Plaintiff's *Amended Statement of Claim*, and Defendant Horace Mann Companies consented to the removal. (Doc. 1 at 2).

SIGNED April 23, 2012.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE